EZRA L. SHERMAN, Appellant, *v.* SHELDON SMITH *et al.*, Appellees.

### APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

In an action against the indorser of a note, the declaration should aver the manner in which due diligence was used against the maker, and every fact necessary to show a right to recover and to rebut negligence.

In an action against a stockholder in a company organized under the act of 10th February, 1849, for manufacturing purposes, etc., to hold him under the tenth section of the act, there should be an averment of the amount of stock held by him. If to be held liable under the eighteenth section, there should be an averment that the debt was due to the laborers, etc., of the company. If to be held liable under the twenty-second and twenty-third sections, there should be an averment that the indebtedness of the company exceeded its capital stock, etc.

Verbal testimony showing when suit was brought, when declaration was filed, and when judgment was rendered against the maker of a note, is incompetent.

The general issue, in a case like this, against a member of a corporation, renders proof necessary that the defendant was a stockholder.

ASSUMPSIT, brought August 29, 1856, by the appellees against the appellant.

Declaration has two counts only, both special. These were demurred to. Leave to amend.

First amended count states, a "corporation" made its note, May 14th, 1855, for $528, payable to A. Pierce's order in six months after date, with exchange on New York, indorsed by Pierce to appellant, and he to plaintiffs below, who sued it, on 25th of December, to the January term, 1856, of the Common Pleas Court, and duly prosecuted to judgment. Execution issued June 13, 1856, and put into coroner's hands, and returned *nulla bona.*

That due diligence has been used in the institution and prosecution of the makers to insolvency as aforesaid, of which he had notice. By means whereof, etc.

Second count states the making of the note, its indorsements and non-payment, as in first count.

Then they say, " whereupon a suit was duly instituted against said" corporation, in said court, within one year after note became due, and duly prosecuted to judgment. Execution issued and returned, no part satisfied, and no property to be found, etc. That the appellant was a stockholder when the note was made, and thereby seeks to charge him with liability to pay, under the act of 1849.

Concludes with a breach, that he was not paid said sum specified in said note. To damage, etc.

To the first count, the appellant demurred generally, with special causes assigned.

To the second count, he demurred generally, and assigned special causes.

The court overruled these demurrers, and ordered appellant to plead to the declaration.

He filed plea of general issue.

2nd plea. That he is not a stockholder.

3rd plea. That said note was made and given in violation of the law, and is void.

The appellees demurred to these two pleas, which demurrer was sustained by the court, and court ordered defendant to file his pleas by Monday.

On this leave and order, the defendant filed three pleas—one stating, that prior to the making said note, he actually paid into said corporation fifteen hundred dollars in money, the full amount of his subscription to the stock of said company.

3rd plea. That the whole amount of the stock of said corporation was paid in before the note was made.

On plaintiff's motion, these pleas were stricken from file, to which defendant excepted.

Defendant asked leave to file additional pleas, court refused, and he excepted. Cause tried by jury on the general issue, J. M. WILSON, Judge, presiding.

*W. Kimball* testified for plaintiffs on the trial, that he was clerk of the court. He produced a note, saying, this is the note in question, with indorsements. He stated that the judgment was by default for $538.37, reciting service on Tucker, secretary, and judgment default. Execution issued June 13, 1856 ; returned August 9, by Buckley, deputy sheriff of Cook county. That Beach was coroner and acting sheriff, and Buckley was deputy sheriff, of Cook county, and the return is in his hand-writing.

To every part of this evidence defendant objected, which objections the court overruled, and he excepted.

Defendant then moved to exclude the record evidence from the jury. 1st. Because the judgment and its date, and the execution and its date, are not described in the declaration. 2nd. Because the execution is directed to the coroner and acting sheriff; was not competent for the deputy sheriff to execute or return it.

Which motion the court overruled, and defendant excepted. Verdict, $582.03.

Defendant moved for a new trial, on the ground that the court erred in refusing to exclude the judgment and execution from the jury.

Which motion the court overruled, and defendant excepted.

Judgment entered on the verdict. The defendant prayed an appeal, which was granted.

B. S. MORRIS, and SHUMWAY, WAITE & TOWNE, for Appellant.

W. T. BURGESS, for Appellees.

WALKER, J.   The first question which we propose to consider is, whether the court erred in sustaining a demurrer to defendant's second and third pleas, instead of to the plaintiff's declaration. The first count of the declaration is clearly insufficient to entitle the plaintiff to recover on it, in not averring the manner in which due diligence was used. It does not anywhere allege when a declaration and copy of the note sued on were filed, nor does it aver any excuse for not obtaining judgment at the first term. For aught appearing in the declaration, the plaintiff may have been prevented from getting judgment at the return term by his negligence in not filing a declaration and copy of the note sued on in time for trial at that term; and if so, he thereby lost all recourse on the assignor, under the provision of the statute requiring diligence. *Bestor* v. *Walker*, 4 Gilm. R. 15.   The declaration should have averred every fact necessary to show a right of recovery, and negative negligence on his part. This is the uniform practice, and it accords with the precedents.

The second count seems to be equally defective. It avers that a suit was brought against the makers within one year after the note became due, which was duly prosecuted to judgment against the makers; and that execution was issued, and returned, no property of the makers in their county out of which to collect the same. That the makers were an organized and incorporated company, under an act to authorize the formation of corporations for manufactories, agricultural, mining and mechanical purposes, approved February 10th, 1849; and that no certificate stating the amount of capital stock fixed and limited by said company

and paid in, as required by the eleventh section of that act, had been made by the president and a majority of the trustees of the incorporation, and recorded in the office of the county clerk of the county of Cook, where the business of the company was carried on ; and that defendant was a stockholder in the company at the time the note was executed.

Such a certificate was required, by the eleventh section, to be made and recorded in the county clerk's office. And the tenth section provides for the consequence of a failure to comply with its requirements, and is as follows: " All stockholders of every company incorporated under this act shall be severally individually liable to the creditors of the company in which they are stockholders, to an amount equal to the amount of the stock held by them respectively, for all debts and contracts made by such company, until the whole amount of capital stock fixed and limited by such company shall have been paid in, and a certificate thereof shall have been made and recorded, as is prescribed in the following section, etc." Sess. Laws 1849, p. 89. As this section limits the liability of stockholders to the creditors of the company to an amount equal to the stock held by them, to hold defendant liable under it, there should have been an averment of the amount held by defendant. If it was intended to hold the defendant liable under the eighteenth section, there should have been an averment that the debt was due from the company to their laborers, servants, or apprentices, as that section only makes stockholders liable for such indebtedness. Or, if it was to hold defendant liable under the twenty-second and twenty-third sections of the act, there should have been an averment that the indebtedness of the company exceeded the amount of its capital stock, and the trustees had assented thereto, as these sections only give a right to recover against a stockholder under such circumstances. This count fails to show a liability under either of these provisions. This count was insufficient to sustain any judgment which could be rendered under it; and for that reason the judgment was erroneous.

The evidence in this case most clearly fails to sustain the finding of the court below. If the finding was under the first count, the evidence failed to show when suit was brought, when judgment was recovered, and when declaration was filed. It was also verbal evidence to establish matter of record, for which purpose it was entirely incompetent. Suit was brought to the January term ; judgment was rendered by default, and the evidence does not show why execution was not issued until in June. The first count of the declaration was insufficient, and still more so the evidence.

If the finding was under the second count, it is equally unsupported by the evidence. The general issue puts the plaintiff upon the proof of every material allegation in his declaration, and there was not any proof that defendant was a stockholder in this company. This averment was, beyond all doubt, material, and should have been proved. Both counts, imperfect as they were, have not been proven, and the judgment of the court below must be reversed.

*Judgment reversed.*